

FILED
SEP 16 2004
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ALEX A. RITZEN and JEAN M. RITZEN, husband and wife, JAMES LEE SUTTER, FRED ROBERT W. SUTTER, RICHARD H. SUTTER, PAMELA JOY SUTTER SPENCER, ROBERT B. SUTTER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 04-1469L<br><br>Honorable _____ |

## COMPLAINT

Plaintiffs allege the following:

### INTRODUCTION

1. The United States, through the issuance of a Notice of Interim Trail Use (NITU) under the National Trails System Improvement Act of 1988, Public Law 100-170, 10s Stat. 2281 (1988), 16 U.S.C. § 1248 (c)-(f), has taken Plaintiffs' property rights by denying them a reversionary interest in a railroad right of way located on their respective properties

1

ORIGINAL

that has been abandoned by the railroad. Plaintiffs seek just compensation as required by the Fifth Amendment to the United States Constitution.

## PARTIES

2. Plaintiffs Alex A. Ritzen and Jean M. Ritzen, husband and wife, are residents of the State of Washington. Plaintiffs claim an interest in the real property that has been taken by the Federal government. Plaintiffs are the fee simple owners of property located in the City of Sammamish, King County, Washington, described as the following:

**Parcel A**

That portion of Tract B, View Point Park, according to the plat recorded in Volume 44 of Plats, page 35, in King County, Washington; and of Burlington Northern "Formerly Northern Pacific" Railroad Right of way described as follows:
Beginning at the Southeast corner of said Tract B; thence Northerly along the Westerly margin of Issaquah-Redmond Road a Distance of 111.39 feet; thence South 85°46'50" West to the Easterly margin of said railroad right-of-way; thence Northerly along said Easterly margin to the Westerly prolongation of South line of Lot 7 of Said Plat of View Point Park; thence Westerly along said Westerly prolongation to the Center line of said railroad right of way; thence Southerly along said center line to the Westerly prolongation of the South line of said tract B; thence Easterly along said South line and its Westerly prolongation to the point of beginning; and that portion of land lying Westerly of the Centerline of the Railroad Right-of-way and between an extension of the North and South lines Westerly of lot 7 of View Point Park; SUBJECT TO: the Northern Pacific Railway "Now Burlington Northern" right-of-way; AND TOGETHER WITH the second class shorelands adjoining;
AND TOGETHER WITH an undivided fractional interest in and to that portion of Government Lot 4, Section 6, Township 24 North, Range 6, East W.M., and shorelands adjoining, lying West of the East line of the Northern Pacific Railroad right-of-way and East of line following the West line of said railroad right-of-way and 10 feet West of the West line thereof and North of the line projected 100 feet North of the extended Southerly boundary of tract A, Viewpoint Park, according to plat recorded in Volume 44 of plats, page 35, except portion thereof in Northern Pacific Railroad right-of-way, all hereinafter referred to as the beach area;
TOGETHER with joint easement for access thereto over existing roadway; TOGETHER with the right of use of the beach area herein described which said total area is held for the joint use and benefit of the owners or residents of any area of Viewpoint Park and of any portion of the Southeast ¼ of the Southeast ¼ of Section 6, Township 24 N, Range 6, East W.M. as a covenant running with the said land and subject to said right of joint beach use of the

undivided fractional interest in the shorelands herein described in favor of the owners of or residents of any portion of Viewpoint Park of the Southeast ¼ of the Southeast ¼.
Seller hereby establishes a small easement for ingress and egress and utilities for the benefit of himself and the purchaser herein and their respective heirs and assigns, twenty feet in width both ways, the center of which is the intersection of the centerline of the Burlington Northern Railroad with the Westerly prolongation of the South line of Lot 7 of the plat of View Point Park. Purchaser buys subject to and together with said easement and subject to the railroad right of way.

**Parcel B**

That portion of Government Lot 4, Section 6, Township 24 North, Range 6 East, W.M., in King County, Washington, lying Westerly of the centerline of the Burlington Northern "Formerly Northern Pacific" Railroad Right-of-Way, lying Southerly of the Westerly prolongation of the South line of Tract A, View Point Park, according to the plat recorded in Volume 44 of plats, page 35, in King County, Washington, and lying Northerly of the Westerly prolongation of the South line of Lot 8 of said plat of View Point Park; SUBJECT TO the Northern Pacific Railway "Now Burlington Northern" Right-of Way; Together with second class shore lands adjoining, Together with an easement for road purposes over that portion of tract "A" and Tract "B" View Point Park, according to the plat recorded in Volume 44 of Plats, page 35, in King County, Washington, that lies within a road right-of-way 20 feet in width, 10 feet of which is on each side of the following described center line; Beginning at the Northwest corner of said Tract "B", thence South 88°15'21" East along the North line of said Tract "B" a distance of 65.38 feet; thence along a curve to the right having a radius of 20.00 feet an arc distance of 36.32 feet; thence South 15°47'27" West 77.46 feet; thence South 6°13'37" West 72.49 feet; then along a curve to the left having a radius of 35 feet an arc distance of 57.72 feet; thence South 88°15'21" East 32 feet, more or less, to the Westerly margin of the Old Issaquah-Redmond Road and the end of said Center line.
The easement created above across Tract B, shall be for the exclusive use of the owners of the real property described above, their heirs and assigns, and for their invitees, and shall not be for the use of the general public for access to any portion of said real property and/or said beach property adjoining Lake Sammamish, and TOGETHER WITH AND SUBJECT TO: easement for ingress and egress over an existing road on the Northerly boundary of Tract A running from the Old East Lake Sammamish Boulevard South to the Burlington Northern Railroad Right-of-Way.

       3.      Plaintiffs, James Lee Sutter, Fred Robert W. Sutter, Richard H. Sutter, Pamela Joy Sutter Spencer and Robert B. Sutter are residents of the State of Washington. Plaintiffs claim an interest in the real property that has been taken by the Federal government. Plaintiffs

are the fee simple owners of property located in the City of Sammamish, King County, Washington described as the following:

That portion of Government Lot 4, Section 6, Township 24 North, Range 6 East, W. M. in King County, Washington, lying within the Burlington Northern (formerly Northern Pacific) railroad right of way and lying north of the westerly production of the southerly line of Tract B, View Point Park, according to the plat recorded in Volume 44 of Plats, page 35, in King County, Washington.

## JURISDICTION

4. This Court has jurisdiction over these claims pursuant to the Tucker Act, 28 U.S.C. Section 1491, because the claims for relief made herein are founded upon the Fifth Amendment to the United States Constitution and the claims are for amounts in excess of $10,000.

## FACTS

5. When Plaintiffs acquired their fee title, their respective properties were encumbered by an easement for a railroad right-of-way that traverses through each of their properties.

6. Effective September 18, 1998, the Surface Transportation Board ("STB") approved interim trail use (a.k.a. "railbanking") of the right of way easement through Plaintiffs' respective properties by issuing a Notice of Interim Trail Use ("NITU") and granting an exemption to Burlington Northern and Santa Fe Railway Company (BN) to abandon the use of subject right of way as an active rail line. This ruling authorized the conversion of the railroad corridor, including each subject property, into a recreational trail under the National Trail System Act, 16 U.S.C. 1247(d). *See* Surface Transportation Board Decision and Notice of Interim Trail Use or Abandonment, attached hereto as Exhibit A. BN

subsequently reached an agreement with King County, Washington for use of the right of way for trail purposes and BN has fully abandoned the line.

## FIRST CLAIM FOR RELIEF
### (Taking of Property Without Compensation)

7. Plaintiffs incorporate paragraphs 1 through 6 by reference as if fully set forth herein.

8. BN has abandoned the subject railroad right of way. Plaintiffs have a property right in the reversionary interest to the right of way as it traverses through Plaintiffs' respective properties. As to each Plaintiff, that property right has been taken by the Federal government through the issuance of the NITU and conversion of the right of way into use as an interim trail.

9. Plaintiffs are each entitled to just compensation under the Fifth Amendment to the United States Constitution for the taking of their respective property right.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray for the following relief:

1. Just compensation, in an amount to be determined at trial, as required by the Fifth Amendment to the United States Constitution for the property rights taken by the Federal government as alleged above.

2. An award of compound interest from the date of the taking until the judgment is paid.

3. An award of reasonable costs, disbursements and expenses, including reasonable attorneys' fees and fees of experts incurred as authorized by 42 U.S.C. § 4654(c).

RESPECTFULLY SUBMITTED this 15th day of September, 2004.

By: *[signature]*

John M. Groen
Diana M. Kirchheim
Attorneys for Plaintiffs

GROEN STEPHENS & KLINGE LLP
2101 – 112th Avenue NE, Suite 110
Bellevue, WA 98004-2944
Telephone (425) 453-6206
Fax (425) 453-6224

# EXHIBIT A

# EXHIBIT

**Case**
Docket No.                Title
AB 6 380 X                BURLINGTON NORTHERN ABANDONMENT EXEMPTION - IN KING COUNTY, WA

**Decision Summary**
MODIFIED TO THE EXTENT NECESSARY THE DECISION SERVED AUGUST 5, 1998, TO IMPLEMENT INTERIM TRAIL USE/RAIL BANKING AS SET FORTH IN THIS DECISION.
Docket No.                Title

**Download Files**
WP Envoy (requires viewer)    WordPerfect                Graphics/Maps/Figures:

- 29583.evy                   - 29583.wpd

Size of PDF File: 0.00 MB

Note:
Some installations of Adobe Acrobat 3 browser plug-ins cannot open large PDF files. If you experience problems viewing our files, we recommend upgrading to an Acrobat 4 reader available free at www.adobe.com.

Approximate download time at 28.8 : 0 Minute(s)

**Full Text of Decision**
29583

SERVICE DATE - SEPTEMBER 18, 1998

DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost 7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah Line), subject to labor protective and environmental conditions. Thereafter, in a decision served August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.(1)

Also in the August 5 decision, the Board deferred action on requests by King County and The Land Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of

willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Vernon A. Williams

Secretary

1. See pages 1-5 of the decision for a more detailed discussion of the history of this and related

http://www.stb.dot.gov/decisions/ReadingRoom.nsf/dd3c7524168c498185256507004c4a19/b70283364d29c146f